(29 Misc. Rep. 412.)

### ANDRUS v. WHEELER.

(Supreme Court, Trial Term, Fulton County. November, 1899.)

1. TAXATION—SALE—BIDS.

Where plaintiff's land was included in a parcel with other land to be sold for taxes, and at the sale the state claimed the land included with plaintiff's, and the parcel was struck down to it without an opportunity for bids being given, there was no real or attempted sale of plaintiff's land.

**2. SAME—DEEDS—ACT TO QUIET TITLE.**
    Where plaintiff's land was included in a parcel with other land to be
    sold for taxes, but was knocked down to the state without even an at-
    tempted sale, a tax deed based on such proceeding is void, and cannot be
    validated by the act to quiet tax title after the tax deed has been recorded
    two years.

Action by Albert Andrus against W. W. Wheeler to cancel patents
issued by the state on certain land claimed by plaintiff under a chain
of titles which defendant contended was cut off by sales for delin-
quent taxes, on which sales the patents involved were based. Judg-.
ment for plaintiff.

The case was heard before in the appellate division on an appeal
by defendant from a judgment for plaintiff, and a new trial was or-
dered. For former opinion, see 48 N. Y. Supp. 118.

Cantwell & Cantwell, for plaintiff.
John P. Kellas, for defendant.

STOVER, J. This is an action brought by the plaintiff to cancel
two patents issued to the defendant by the state of New York, cover-
ing the same lands. The important and controlling question in the
case is as to the effect of conveyances alleged to have been made by
the state upon certain tax sales. The plaintiff claims title through
deeds that have been recorded, and which cannot be questioned; but
it is claimed that by virtue of certain sales for unpaid taxes there has
been a forfeiture, and that the title had passed by reason of these
conveyances. The facts are these: Plaintiff being the owner of the
lands, taxes were assessed upon these with other lands as one parcel,
and returned as uncollected; and at the sales in question, 1881, 1885,
and 1890 these lands, with others, were advertised for sale. At the
sale, however, the state claimed the lands, or a portion thereof. No
bids were received, and the lands were withdrawn from the sale. On
behalf of the plaintiff the claim is made that, the several parcels being
assessed as one lot, there was no opportunity for the plaintiff or his
grantors to pay the taxes, and that the act of the state at the sale in
claiming the title to the whole, and refusing to sell a portion thereof,
rendered the alleged sale void. The contention of the defendant is
that, if this were true, it is a case within the statute passed to quiet
titles acquired at tax sales, and the deed having been on record more
than two years is conclusive evidence that the sale was regular, and
that all the requirements of the statute had been complied with.

I am of the opinion that the acts of the comptroller and the auc-
tioneer at the various sales were such as to constitute no sale; that
no attempt was made to sell, and that the announcement of the
comptroller that the lands belonged to the state, and the rejection
of all bids, was equivalent to withdrawing the lands from the sale;
and that no sale of the lands in question occurred at the time. The
method of sale was this: As a description of land was read, bids
were called for, and thereupon bids were received from intending pur-
chasers. In cases, however, where the state owned or claimed the
parcel, or any interest therein, the announcement, "State," was made
by the comptroller or his agent; and thereupon all bids were rejected,

and the announcement was made by the auctioneer, "State." This, it seems to me, could not, in any view, be considered a sale of the lands; but, whatever form the proceeding might have taken, the auctioneer assuming to strike it off to the state, or the comptroller thereafter undertaking to execute a conveyance to the state, could not characterize the act itself, but it was simply an announcement on the part of the state that the state was the owner of the parcel, and therefore it could not and would not be sold for taxes. If it were true that the state were the owner of the lands in question, then, of course, no one was injured, and there would be no one to question the validity of the act; but where the state is not the owner, but its officers or agents, either willfully or under misapprehension, make a claim which prevents the owner from protecting himself, and which prevents a sale of the premises, it is a proceeding entirely unauthorized by the statute, and is not within the contemplation of the statutes to quiet titles acquired under such sales. These statutes were passed to confirm titles that had been acquired under sales, and only where a sale had been had, but it was not intended to cover a case where no sale had taken place, and where there was no intention that a sale should take place. The failure to sell is not an irregularity, but raises a question of jurisdiction. The comptroller had no right to give a deed, except a sale had taken place, and the withdrawal of the lands from the sale deprived him of any right to execute a deed either to the state or to a third party. There is no authority for the execution of a deed by the comptroller, except after a sale, and this conveyance, so far as there is any legal warrant for it, could just as well have been made to a third party as to the state. It neither added to nor took from the title that the state had already acquired. The comptroller had no authority to execute the deed. Jurisdiction is acquired only by following the statute, and the statute requires that there shall be a sale before a deed can be executed. In this case, if defendant's counterclaim is good, there need have been no announcement whatever that the lands were to be sold, but the comptroller could have simply declined to put them up for sale on the ground that they were the property of the state, and then announce that the state owned them and no bids would be received, as well as to have read the description and then withdrawn them. In either event it is no sale. It was not a sale in form, nor was it the intention of anybody taking part therein that there should be a sale. Therefore there is an utter failure to comply with the statute, and the deed executed by the comptroller was of no force. It follows that the state acquired no title by virtue of these sales, and at the time of the conveyance to the defendant had no title to the lands in question.

The other questions raised by the defendant have been passed upon heretofore by this court, and I see no reason to question the conclusions then arrived at. Plaintiff is entitled to the relief demanded.

Judgment for plaintiff.